1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11

UNITED STATES OF AMERICA,

CASE NO.  1:12-CR-00282 AWI

12

Plaintiff,

ORDER DENYING DEFENDANT'S MOTION
PURSUANT TO TITLE 18 U.S.C. §  3582(c)(2)

13

v.

14

GONZALO GUTIERREZ-LOPEZ,

15

Defendant.

16

17    The defendant has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in her

18    sentence on the basis of Amendment 782 to the Sentencing Guidelines which revised the Drug Quantity

19    Table in USSG § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking

20    offenses.  The Government has opposed the motion on the basis that the defendant is not eligible for a

21    reduction under U.S.S.G. § 1B1.10.  For the following reasons, the Court will deny that motion.

22    Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a

23    defendant who has been sentenced to a term of imprisonment based on a sentencing range that has

24    subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151,

25    1155 (9th Cir. 2013).  Effective November 1, 2014, the Commission promulgated Amendment 782,

26    which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical

27    types.  The Commission also voted to make Amendment 782 retroactively applicable to previously

28    sentenced defendants.

1

1    However, pursuant to U.S.S.G. Section 1B1.10 (a)(2)(B):  "A reduction in the defendant's term

2  of imprisonment is not consistent with this policy statement and therefore is not authorized under 18

3  U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the

4  defendant's applicable guideline range."  U.S.S.G. § 1B1.10 (a)(2)(B).  A district court's authority to

5  modify a sentenced is constrained by the Sentencing Commission.  *Dillon v. United States*, 130 S.Ct.

6  2691 (2010).

7    In this case, the Court found a base a base offense level of 18 for the amount of marijuana

8  involved the case, and a criminal history category of II.  The adjusted offense level of 15 provided for a

9  guideline range of 21 to 27 months.  However, due to the mandatory minimum sentence, the guideline

10  range became 60 months pursuant to 5G1.1(c)(2).  The Court sentenced the defendant to the 60-month

11  mandatory term of imprisonment on March 25, 2013.

12    Amendment 782 has not reduced the guideline range applicable in the defendant's case.  While

13  the drug quantity table has reduced his base offense level, the bottom of the defendant's sentencing

14  guideline is still the 60-month mandatory minimum sentence pursuant to U.S.S.G. §  5G1.1(c)(2).

15  Therefore, the defendant's sentencing range has not changed.  The Ninth Circuit agrees that where

16  application of the pertinent amendment does not result in a different sentencing range, no reduction of

17  sentence may occur.  *United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009) (finding that the

18  final sentencing range was unchanged due to the operation of the grouping rules).

19    The defendant's motion pursuant to Section 3582 is hereby denied.

20

21  IT IS SO ORDERED.

22  Dated:   February 2, 2015                    _____

23                                                       SENIOR  DISTRICT  JUDGE

24

25

26

27

28

2