**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **GONZALO GUTIERREZ LOPEZ,** | **CASE NO. 1:12-CR-00282-AWI-BAM** |
| **Plaintiff,** | |
| v. | **ORDER DENYING PETITIONER'S MOTION TO CORRECT, VACATE OR SET ASIDE SENTENCE PURSUANT TO 28 U.S.C. § 2255** |
| **THE UNITED STATES OF AMERICA,** | |
| **Defendant.** | |
| | **(Doc. 49)** |

## I. INTRODUCTION

This matter arises from the guilty plea of Petitioner Gonzalo Gutierrez Lopez ("Petitioner").  Petitioner is currently incarcerated at the CI Moshannon Valley Correctional Center in Phillipsburg, PA.  Petitioner brings a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 based on ineffective assistance of counsel.  In a motion filed on February 13, 2015, Petitioner lists several grounds to support his claim for ineffective assistance of counsel: (1) failure to argue that the District Court had discretion to depart downward and should depart downward from the Sentencing Guidelines based upon Petitioner's status as a deportable alien and his willingness to consent to deportation; (2) failure to explain the benefits and risks of a plea offer; (3) failure to negotiate a plea bargain; (4) failure to protect the

Petitioner's appellate rights; (5) failure to object to the basis of Petitioner's sentence. For the following reasons, Petitioner's motion pursuant to section 2255 will be denied.

## II. FACTS AND PROCEDURAL BACKGROUND

In January 2012, the U.S. Attorney's Office sent a letter to the landowner of 33020 25th Avenue in Kettleman City advising that the property contained a marijuana grow. On July 25, 2012, Kings County Sheriff deputies confirmed that the property still contained a large-scale marijuana grow. On August 14, 2012, agents of the DEA and deputies of the Kings County Sheriff's Office executed a search warrant at 33020 25th Avenue in Kettleman City and found 394 marijuana plants growing outside where the Petitioner was found. Upon advice and waiver of his Miranda rights, the Petitioner said that he had been working at the grow site for about two weeks and that he was going to get paid for his work but did not know how much or by whom.[1]

On August 12, 2012, the Petitioner was indicated, along with co-defendants, and charged with various counts including conspiring to distribute marijuana. See Doc. 9. On November 26, 2012, the Petitioner pled guilty to Count One, conspiring to manufacture marijuana, pursuant to a plea agreement with the government. See Doc. 17-18. Count one provided for a mandatory minimum term of 60 months and a sentence as high as 40 years. See 21 U.S.C. § 841(b)(1)(B).

The Court found a base offense level of 18 for the amount of marijuana involved in the case, and a criminal history category of II. See Doc. 47, p. 2. The adjusted offense level of 15 provided for a guideline range of 21 to 27 months. See id. However, due to the mandatory minimum sentence, the guideline range became 60 months pursuant to U.S.S.G. § 5G1.1(c)(2). See id. On March 25, 2013, the Court sentenced the Petitioner to the 60-month mandatory term of imprisonment. See Doc. 26-27.

On April 5, 2013, the Petitioner filed a notice of appeal to the Ninth Circuit Court of Appeals. See Doc. 28-29. On November 25, 2013, the Ninth Circuit dismissed the notice of

---

[1] Both plea agreements for both co-defendants respectively attribute these same statements to each co-defendant. See Doc. 17, 7:15-17; Doc. 23, 7:11. However, according to Officer Armando Puga's affidavit in support of application for criminal complaint and arrest warrants, the current Petitioner's statement was slightly different. See Doc. 1, 14:20-15:4. According to Officer Puga, Petitioner stated that he had arrived at the grow site approximately two days before and that he was going to get paid in marijuana for taking care of the plants. Id.

1    appeal pursuant to the Petitioner's motion for voluntary dismissal.  See Doc. 38.  The judgment

2    returned on May 28, 2013.  See Doc. 39.  Petitioner filed a motion to reduce the sentence pursuant

3    to 18 U.S.C. § 3582(c)(2).  See Doc. 40.  On February 3, 2015, this court denied the motion to

4    reduce the sentence.  See Doc. 47.  On February 13, 2015, Petitioner filed this motion to vacate,

5    set aside, or correct the sentence under 28 U.S.C. § 2255.

6

7                                    **III. LEGAL STANDARDS**

8            Title 28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of

9    a court established by Act of Congress claiming the right to be released upon the ground that the

10   sentence was imposed in violation of the Constitution or laws of the United States . . . may move

11   the court which imposed the sentence to vacate, set aside, or correct the sentence."  Habeas relief

12   is available to correct errors of jurisdiction and constitutional error but a general "error of law does

13   not provide a basis for collateral attack unless the claimed error constituted a fundamental defect

14   which inherently results in a complete miscarriage of justice."  United States v. Addonizio, 442

15   U.S. 178, 185 (1979).

16           Mere conclusory statements or statements that are inherently incredible in a section 2255

17   motion are insufficient to require a hearing.  See United States v. Howard, 381 F.3d 873, 879

18   (9th Cir. 2004); United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980).  Under Rule 4(b) of

19   the Rules Governing Section 2255 Proceedings, when a court receives a section 2255 motion, the

20   court must initially screen it, and dismiss it summarily if it plainly appears that the moving party is

21   not entitled to relief.  See United States v. Quan, 789 F.2d 711, 715 (9th Cir. 1986).

22

23                                      **IV. DISCUSSION**

24   **A. Ineffective Assistance of Counsel**

25           Petitioner's alleged grounds for relief are a variety of claims stemming from ineffective

26   assistance of counsel.  "The Sixth Amendment guarantees criminal defendants the effective

27   assistance of counsel."  Yarborough v. Gentry, 540 U.S. 1, 5 (2003).  The Court "must apply a

28   'strong presumption' that counsel's representation was within the 'wide range' of reasonable

                                              3

1  professional assistance. The [petitioner] bears the burden of showing 'that counsel made errors so

2  serious that counsel was not functioning as the 'counsel' guaranteed [petitioner] by the Sixth

3  Amendment.'" Gonzalez v. Wong, 667 F.3d 965, 987 (9th Cir. 2011).

4      To establish a constitutional violation for ineffective assistance of counsel arising under

5  section 2255, a petitioner must demonstrate (1) a deficient performance by counsel, and (2)

6  prejudice to the petitioner. See Strickland v. Washington, 466 U.S. 668, 687 (1984); United States

7  v. Jeronimo, 398 F.3d 1149, 1155 (9th Cir. 2005). To prove deficient performance of counsel, the

8  petitioner must demonstrate that his attorney "made errors that a reasonably competent attorney

9  acting as a diligent and conscientious advocate would not have made." Butcher v. Marquez,

10  758 F.2d 373, 376 (9th Cir. 1985). To show prejudice, the petitioner must demonstrate that "there

11  is a reasonable probability that, but for counsel's unprofessional errors, the result of the

12  proceeding would have been different." Strickland, 466 U.S. at 694. In the context of a plea

13  bargain, the prejudice requirement is met by showing that, but for counsel's alleged errors, the

14  petitioner would have rejected the plea offer and insisted on going to trial. See Hill v. Lockhart,

15  474 U.S. 52, 58-59 (1985); United States v. Alvarez-Tautimez, 160 F.3d 573, 577 (9th Cir. 1998).

16  A court addressing a claim of ineffective assistance of counsel need not address both prongs of the

17  Strickland test if the petitioner's showing is insufficient as to one prong. See Strickland, 466 U.S.

18  at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient

19  prejudice, which we expect will often be so, that course should be followed." Id. at 689.

20  If the court finds that petitioner has shown both prongs of the Strickland test, "a district court must

21  grant a hearing to determine the validity of a petition brought under section 2255, '[u]nless the

22  motions and the files and records of the case conclusively show that the prisoner is entitled to no

23  relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C.

24  § 2255). Accordingly, an evidentiary hearing is required if: (1) a petitioner alleges specific facts,

25  which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot

26  conclusively show that the petitioner is entitled to no relief. See Howard, 381 F.3d at 877. Failure

27  to prove one or both of the Strickland prongs results in a denial of a hearing if the petitioner's

28  allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible

4

1  or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d

2  1155, 1159 (9th Cir. 1996).

3

4  **1. Failure to argue for a downward departure based on deportable alien status and**

5  **willingness to consent to deportation.**

6        Petitioner contends that defense counsel failed to move the court for a downward departure

7  based on his status as a deportable alien. Relatedly, he contends that that his counsel failed to

8  argue that the District Court had discretion to depart downward on the basis of his willingness to

9  consent to deportation. Petitioner cites United States v. Farouil, 124 F.3d 838, 845-47 (7th Cir.

10  1997) to support his argument here and notes that his immigration status makes him ineligible for

11  certain benefits that United States citizens can receive when convicted of federal offenses, such as

12  home detention work release, community confinement, intermittent incarceration, or minimum

13  security designation. In Farouil the Seventh Circuit held, in a direct appeal from sentencing, that

14  the defendant's status as a deportable alien could be considered by the district court at sentencing.

15  Id. The Ninth Circuit has explained, however, that a downward departure based on deportable

16  alien status "may be granted . . . only if the factor is sufficient to take the case out of the

17  [Sentencing] Guideline's heartland . . . while bearing in mind the Commission's expectation that

18  departures based on grounds not mentioned in the Guidelines will be highly infrequent." United

19  States v. Davoudi, 172 F.3d 1130, 1134 (9th Cir. 1999); see also United States v.

20  Campana-Barraza, 503 Fed.Appx. 511, 512 (9th Cir. 2012).

21        The present claim is one for ineffective assistance of counsel. To show the prejudice prong

22  of the Strickland test for such a claim, the petitioner must demonstrate that "there is a reasonable

23  probability that, but for counsel's unprofessional errors, the result of the proceeding would have

24  been different." Strickland, 466 U.S. at 694; see also Cardona-Garcia v. U.S., 2011 WL 835172,

25  *1 (S.D. Cal. 2011) (prejudice for an ineffective assistance of counsel claim lacking when

26  petitioner failed to demonstrate how the circumstances of his case fell outside the "heartland of

27  cases" such that a downward departure based on deportable alien status would apply). Here, there

28  was a plea agreement which enumerated potential reductions. See Doc. 17, 5:13-6:9. Count one,

1   what Petitioner pled to, provided for a mandatory minimum term of 60 months and a sentence as

2   high as 40 years.  See 21 U.S.C. § 841(b)(1)(B).  Yet the court sentenced Petitioner to the

3   60-month mandatory minimum term of imprisonment.  See Doc. 26-27.  The Petitioner was

4   further ineligible under U.S.S.G. § 5C1.2(a)(1) and 18 U.S.C. § 3553(f)(1) for the safety valve

5   reduction as he had more than 1 criminal history point.  See Doc. 33, p. 11.  The court could not

6   have departed further downward than it did.  The Petitioner has not demonstrated how the

7   circumstances of this case fall outside "the heartland of cases."  Accordingly, there is no prejudice.

8   **2. Failure to explain the benefits and risks of a plea offer.**

9           Petitioner contends that his trial counsel failed to explain the benefits and risks of a plea

10   offer.  Petitioner does not elaborate any further on this claim.  The plea agreement signed and

11   dated by both Petitioner and a Spanish interpreter states that "[t]he defendant understands that by

12   pleading guilty he is waiving all of the rights set forth above and the defendant's attorney has

13   explained those rights to him and the consequences of his waiver of those rights."  Doc. 17,

14   10:14-17.  Petitioner has not alleged that if the benefits and risks of the plea offer were better

15   explained that he would not have pled guilty and chosen, instead, to proceed to trial.  Petitioner

16   merely makes a conclusory statement that counsel "failed to explain the risk and benefits of a plea

17   offer."

18           Indeed, had the Petitioner been convicted of Counts 2 and 3, violations of 21 U.S.C. §§

19   841(a)(1), and 841(b)(1)(B), and 18 U.S.C. § 2, Manufacture of Marijuana and Aiding and

20   Abetting; and 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(b), and 18 U.S.C. § 2, Possession with the

21   Intent to Distribute Marijuana and Aiding and Abetting, he would have been subject to an

22   additional statutory minimum term of imprisonment of five years to life for each count.  In Count

23   4, violations of 18 U.S.C. §§ 922(g)(5), 924(a)(2), and 2, Alien in Possession of Firearm, the

24   Petitioner would have been subject to a statutory maximum term of ten years.  These counts would

25   have been grouped together under U.S.S.G. § 3D1.2(a), or U.S.S.G.§  3D1.2(c), and not resulted

26   in a higher offense level.  Had the Petitioner been convicted of Count 6, Avoidance of

27   Examination by Immigration Officers, a violation of 8 U.S.C. § 1325(a)(2), the Petitioner would

28   have been subject to a maximum term of imprisonment of six months.  For Count 6, the guideline

1   calculations would not have been impacted as this offense is a Class B misdemeanor. In light of

2   the substantial evidence against him, including being found by DEA agents near the marijuana

3   plants and his subsequent incriminating statements, there is a reasonable likelihood that petitioner

4   would have been convicted on all counts against him. Accordingly, the Court finds that Petitioner

5   has failed to show that he was prejudiced on this claim.

6   **3. Failure to negotiate a plea bargain.**

7           Petitioner contends that trial counsel was ineffective for failure to negotiate a plea bargain.

8   Petitioner does not elaborate any further on this claim. The claim, however, has no merit as trial

9   counsel did in fact negotiate a plea agreement. <u>See</u> Doc. 17. The plea agreement was the result of

10  successful plea bargaining.

11  **4. Failure to protect the Petitioner's appellate rights.**

12          Petitioner contends that trial counsel was ineffective for "[f]ailure to protect the

13  Petitioner's appellate rights." Petitioner does not elaborate any further on this claim. Petitioner

14  waived his right to appeal during his plea. Notice of appeal was, nonetheless, filed in this case.

15  But, the Petitioner subsequently filed a motion for voluntary dismissal of the appeal, which was

16  granted. <u>See</u> Doc. 38.

17          The Ninth Circuit has held that a petitioner can retain the right to appeal, despite having

18  understood and subsequently waived his right to appeal. <u>See</u> <u>U.S. v. Sandoval-Lopez</u>, 409 F.3d

19  1193, 1197 (9th Cir. 2005). The Ninth Circuit held that a section 2255 petitioner can show

20  deficient performance by counsel and prejudice to the petitioner as specified by the <u>Strickland</u> test

21  when: (1) the petitioner can show that he or she asked that an appeal be filed on their behalf, and

22  (2) that counsel failed to file a timely notice of appeal, despite having waived this right pursuant to

23  a plea agreement. <u>Id</u>. at 1198. The Supreme Court in <u>Roe v. Flores-Ortega</u> held that the deficient

24  performance prong of <u>Strickland</u> is satisfied when "there is reason to think either (1) that a rational

25  defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal),

26  or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in

27  appealing." <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 480 (2000). The <u>Roe</u> court also held that to

28  show prejudice, the petitioner "must demonstrate that there is a reasonable probability that, but for

7

1    counsel's deficient failure to consult with him about an appeal, he would have timely appealed."

2    Id. at 484.  The petitioner does not need to show that meritorious grounds for appeal exist, but

3    simply that the petitioner promptly expressed a desire to appeal, and lost the opportunity to file the

4    appeal.  See Sandoval-Lopez, 409 F.3d at 1196.

5            The Petitioner in this case does not meet the requirements set out in Sandoval-Lopez or

6    Roe.  In fact, the Petitioner filed a notice of appeal here.  The Petitioner then filed a motion for

7    voluntary dismissal, accompanied by his consent.  See Doc. 37; 9th Cir. R. 27-9.1.  The sole

8    allegation is the conclusory statement that counsel "failed to protect the Petitioner's appellate

9    rights."  Accordingly, the Court finds that Petitioner is not entitled to relief on this claim.

10   **5. Failure to object to the basis of Petitioner's sentence.**

11           Petitioner claims that trial counsel "did not obje[c]t on which movant's sentence was

12   based."  Petitioner does not elaborate any further on this claim.  The Court, however, sentenced

13   Petitioner to the mandatory minimum.  Accordingly, the Court finds that Petitioner has failed to

14   show that he was prejudiced on this claim.

15                                    **V. APPEALABILITY**

16           Unless a circuit justice or district judge issues a certificate of appealability ("COA"), an

17   appeal may not be taken to the court of appeals from a final decision of a district judge in a habeas

18   corpus proceeding or a proceeding under 28 U.S.C. § 2255.  See 28 U.S.C. § 2253(c)(1); Muth v.

19   Fondren, 676 F.3d 815, 818 (9th Cir. 2012).  A COA may issue only if the applicant has made a

20   substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2).  To do so,

21   a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition

22   states a valid claim of the denial of a constitutional right."  Slack v. McDaniel, 529 U.S. 473, 479

23   (2000).  The Ninth Circuit will not act on a motion for a COA if the district court has not ruled

24   first.  See Ninth Cir. R. 22-1(a); Wilson v. Belleque, 554 F.3d 816, 827 (9th Cir. 2009).

25           Here, jurists of reason would not find it debatable whether Petitioner's motion states a

26   valid claim of the denial of a constitutional right.  The plea agreement demonstrates on its face a

27   knowing and voluntary waiver of the right to challenge the sentence under section 2255, and

28   Petitioner has not raised new facts or allegations demonstrating the contrary.  Petitioner's grounds

                                              8

for ineffective assistance of counsel fail to show denial of a constitutional right.  There are no facts to show that the government breached the plea agreement, and Petitioner's entry of a voluntary guilty plea waived any antecedent constitutional violations.  Hence, the Court declines to issue a COA.

## VI. ORDER

Based on the foregoing, it is hereby ORDERED that:

Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 21 U.S.C. § 2255 is DENIED.

The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   May 6, 2015                                    _____

SENIOR  DISTRICT  JUDGE